# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1151 | **DATE** | 2/18/2004 |
| **CASE TITLE** | John Malik vs. Superintendent of Waukegan Police | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] Enter Memorandum Opinion and Order. Malik's Application is granted only to the extend that no full prepayment of the $150 filing fee will be required, but he will be responsible for the payment of that entire fee in future installments. Malik is assessed an initial partial filing fee of $15.87 and the Jacksonville trust fund officer is ordered to collect that filing fee and forward it to the Clerk. The Complaint in its present form "fails to state a claim upon which relief may be granted" and it is therefore dismissed. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | Mailed to Fiscal Trust Fund Officer | FEB 19 2004 | |
| | Notified counsel by telephone. | | date docketed | 4 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | SN docketing deputy initials | |
| | Copy to judge/magistrate judge. | 04 FEB 19 PH 3:?? | 2/18/2004 date mailed notice | |
| SN | courtroom deputy's initials | 01 03-0371? Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN MALIK #R-21828, )
)
          Plaintiff, )
)
v. ) No. 04 C 1151
)
SUPERINTENDENT OF WAUKEGAN POLICE )
DEPT, )
)
          Defendant. )

DOCKETED
FEB 1 9 2004

## MEMORANDUM OPINION AND ORDER

John Malik ("Malik") has filed a self-prepared 42 U.S.C. §1983 ("Section 1983") Complaint[1] against a defendant described in the case caption as "Superintendent of Waukegan Police Dept" and in Complaint ¶II.A as "Chief of Police: Superintendent." As required by 28 U.S.C. §1915,[2] Malik has accompanied his Complaint with a filled-out In Forma Pauperis Application and Financial Affidavit ("Application") and a printout from Jacksonville Correctional Center ("Jacksonville," where he is now in custody) reflecting the transactions in his inmate trust fund account for the six-month period preceding the filing of this action.[3] This

---

[1] "Self-prepared" is employed in the sense that Malik has used the printed form of Complaint provided by this District Court's Clerk's Office for persons in custody, filling in the form's blanks in handwriting.

[2] All further references to Title 28's provisions will simply take the form "Section--."

[3] In fact the Complaint (though not received in the Clerk's Office until February 13) was signed by Malik on February 4, while he had filled out the Application and obtained the printout from the Jacksonville authorities a week earlier--on January 27.

memorandum opinion and order both addresses the requirements of Section 1915 and engages in the screening called for by Section 1915A.

As to Section 1915, Malik's Application is granted only to the extent that no full prepayment of the $150 filing fee will be required of him (see Section 1915(a)(1)), but he will be responsible for the payment of that entire fee in future installments (Section 1915(b)(1)). To that end this Court has determined that the average monthly deposits to Malik's trust fund account during the six-month period referred to in n.3 came to $79.33, so that 20% of that amount (again see Section 1915(b)(1)) was $15.87.

Accordingly, pursuant to 28 U.S.C. §1915(b)(1) Malik is assessed an initial partial filing fee of $15.87, and the Jacksonville trust fund officer is ordered to collect that partial filing fee from Malik's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"). After such payment, the trust fund officer at Jacksonville (or at any other correctional facility where Malik may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the

---

Under the circumstances this Court's calculation under Section 1915(b)(1) has encompassed the six-month period that began July 28, 2003 and ended January 27, 2004.

trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $150 filing fee is paid. Both the initial payment and all future payments shall be sent to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attention: Fiscal Department, and shall clearly identify Malik's name and the 04 C 1151 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Jacksonville trust fund officer.

As for Malik's substantive claim, this Court's review pursuant to Section 1915A has disclosed that it fails to pass muster for Section 1983 purposes. Here are its problems:

    1. Nothing alleged in Complaint ¶V, which has been photocopied and attached to this opinion, suggests any potential Section 1983 liability for the head of the Waukegan Police Department. It has been clear for more than a quarter century that legal responsibility under Section 1983 requires a defendant's personal involvement rather than being based on respondeat superior principles (Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 691 (1978)). It would seem highly improbable that such personal involvement existed here, and Malik's allegations do not indicate otherwise.

    2. It is of course possible that Malik does not know

3

the names of the person or persons who inflicted what he labels as "numerous amounts of injuries" on him--indeed, the Complaint does not even make it clear that they were inflicted "under color of law" (that is, by law enforcement personnel). That might perhaps have justified retaining the head of the Police Department in the case until discovery revealed the names of the person or persons responsible, but in this instance Malik has not said enough to indicate that the asserted denial of medical treatment related to his "serious medical needs"--something required by Estelle v. Gamble, 429 U.S. 97, 104 (1976) and its progeny as the basis for Section 1983 liability.

Accordingly the Complaint in its present form "fails to state a claim upon which relief may be granted" (Section 1915A(b)(1)), and it is therefore dismissed. If however Malik were able to cure the flaws identified here by filing a proposed amendment to the Complaint (or a proposed self-contained Amended Complaint) on or before March 12, 2004, this Court would be prepared to entertain that filing without requiring Malik to become responsible for a second filing fee under Section 1915.

                                                */s/ Milton I. Shadur*
                                        Milton I. Shadur
                                        Senior United States District Judge

Date: February 18, 2004

## V. Statement of Claim:

State here as briefly as possible the facts of your case. Describe precisely how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Denied Medical Treatment: upon Arrest 2-7-03 by Waukegan Detectives, At Waukegan Police Station. Where I sustain numerous amounts of injuries. Lake County Sheriff had to take me to the Hospital.